Let's be seated. Our final case of the day is Burkhart v. Spencer. Mr. Burns. Good to have you here, Mr. Burns. Thank you, Your Honor. As you know, my name is John Burns. I represent Ed and Teresa Burkhart. I represent them in a bankruptcy case that was filed in 2012. And in bankruptcy cases, certain parties have various rights. Debtors have an obligation in a Chapter 13 to file a plan, repay creditors, and have some limited litigation rights. Creditors have some litigation rights as well and some duties to file claims. And the trustee in a Chapter 13 acts as an overseer, in essence, to the process as a party sometimes able to do. In this case, the Burkharts filed bankruptcy, as I mentioned, in 2012. In 2013, they filed a civil complaint. A complaint is known as an adversary in bankruptcy where you're able to get declaratory judgments, other things, and so forth. In that complaint, the Burkharts sought to avoid lien, and I say avoid a lien, not void a lien, because there is a difference of two junior creditors. There's a first creditor, there's a value of the property below the value of the first creditor, and then there are two others. And in that process, one of those creditors, who was the subject of an adversary, filed a proof of claim, PNC. Proof of claim is a statement of debt that's filed in the court. The other, Tri-County, did not. They chose not to participate. So the debtor filed this adversary proceeding seeking a fair complaint, 506-A and 506-D and 1322-B-2. Could the debtor have filed a proof of claim? The debtor could have filed a proof of claim. But the question is when, not what. Certainly, the debtor, the trustee, and the creditor can file proofs of claim. I would ask about the creditor because the creditor didn't file, correct? Oh, I understand, but I just am saying under Rule 3004, after the conclusion of the time to file proofs of claim by the creditor, which for our purposes in this case, under Rule 3004. So the trustee or the debtor could have filed a proof of claim for Tri-County? Absolutely, Your Honor. Why isn't that the way to do it and solve this? Well, Your Honor, there's two answers to that. The first is as to the debtor, I think it's a bad idea. And for a debtor to have to gain access to a court by taking an affirmative step to advance a debt for another party that doesn't want to file its own proof of claim. That debt's not going to be advanced very far, is it? Well, I don't know what that means, Your Honor. How far is the debt of Tri-County likely to be advanced on their proof of claim? Advanced meaning paid or? Dealt with. Well, it would be dealt with in the plan. So if there's an adversary in our view. That was the PNC Bank. How was it dealt with? Well, they're being paid an unsecured deficiency claim because they filed a timely claim. Is that where Tri-County would be had proof of claim been filed? Absolutely. So why isn't the way to resolve it just to file against a lien holder who won't file, especially if they're junior? And junior to somebody that's going to be treated as unsecured. Why isn't that the easy way out of this? It is the easy way, but it's not the right, Your Honor, and I'll explain why. I don't know. Wait, wait, wait, wait, wait, wait, wait. You mean it's not legal to do it? No. I mean, it's legal, but it's not correct. Why is it not correct? Because a debtor should not be compelled to file actions against it. Oh, you're saying should. Should. Is it authorized? It is authorized. Then why isn't, then why is it not the right way? Because the lien. It's not the, maybe you mean it's not the preferred way. No, I mean, it's not timely, Your Honor. The lien avoidance has not yet been granted under our authorities in our brief under 3002C3. Would it have been had a proof of claim been filed? By whom? Anybody. If the creditor had filed a proof of claim, the creditor can file a proof of claim at any time. When can the debtor? The debtor. When can the debtor file the proof of claim for a creditor? 30 days after the expiration of the time for the creditor to file the claim. And you could have done that in this case? No, because our briefing demonstrates that that time has not yet arisen because that time frame comes 30 days after the avoidance of a lien under 3002C3, Your Honor. So you could still do that in this case? Well, that's the ultimate issue. No, but you could still file a proof of claim. We could still file a proof of claim by extending the time. Once the lien avoidance is granted. So if we didn't decide this case and just send it back, you would still have a remedy? Well, Your Honor, if the lien avoidance is granted. Would you still have a remedy? Could you still file a proof of claim for, could you file a proof of claim for Tri-County Community in this case? If the lien avoidance is granted, our rights commence under 3004. The lien avoidance has not yet been granted as to Tri-County. Well, how does it, how does it, can you file a proof of claim to get the lien treated the same way that PNC was treated? Not by my read of the rules, Your Honor. You don't think so? Well, under 3002C3, it says that right for the creditor expires 30 days after the extension for the lien avoidance. That then prompts under 3004, my rights and my distinguished colleague, the trustee's rights to file claims on behalf of entities that haven't done so. That can certainly be extended under 9006C after that 30 days under 3004. Trying to figure out a way, a reasonable way to get a lien holder whose, whose lien is not worth anything, secure debt, is not worth anything, to get them treated with in the bankruptcy process without, without going through anything you, we would have to do here. Why can't you just do it within the, sort of like a tight, quiet, quiet title action where you get everybody together and go, you don't have any claim, you don't have any claim, you don't have any claim. Why isn't that the way, the easiest way to proceed in this case? Because the bankruptcy court won't simply give us our lien avoidance so we can file a claim. If the bankruptcy court gives us our lien avoidance, certainly the trustee can file a claim, the debtor can file a claim, the bank can file a claim up to 30 days following the lien avoidance order. But the judge found, Judge Maness, that the lien avoidance couldn't be granted. So you can't file, you cannot, another person, no matter who it is, may not file for the, for Tri-County until that lien is avoided. That's my reading of 3002C3. And we've briefed that. And Your Honor, I might note that not only do we believe that, but the legislative history of 3002C3 says that. We've cited to the TAP decision from the 30s out of the District of Kentucky. And we've cited a number of opinions to that effect. I do note that in the complaint, we cited to 506A, 506D, 1322B2. 506D is a complaint. I just myself made a mistake. I shouldn't have had it in the complaint. It's going to be stricken to the extent we're allowed to amend the complaint. But having said that, the entire logic upon which the bankruptcy court hinged its analysis was that under 506D, a claim is void if not filed. Well, let me ask you about that because you seem to be suggesting that you can simply eliminate a statutory provision by striking any reference of it from your complaint. I don't think that's correct. Well, maybe I'm mistaken. Under Rule 60A, I can fix any type of graphical error under 508. Well, you can. But the question is whether or not 506D has any role to play in this case. And the question I have for you is the district court seemed to think that it did. You say it doesn't. If it doesn't, then in what context does 506D, what does 506D do? 506D says a lien is void for any disallowed claim. Let me give the court a practical example. Well, I'm more focused on 506D2 that says that the lien is void except, but not if it's due to any failure of an entity to file a proof of claim. That's what happened here. That's correct. So it must be void for another reason. An example might be, for example, a deed of trust that has a wrong property description. This court dealt with that in the Scott v. Bierman case, an unpublished disposition that I litigated, found after ratification the issue was moved. But nonetheless, that's where 506D comes in, where you have an irreconcilable error that makes something void, not avoidable. So it's simply a declaratory judgment. The Supreme Court said in Colquette, interestingly, looking in the Chapter 7 context of whether a debtor could strip off under 506D, is there a right to do so under any circumstance that is based on a wholly undue claim? And they said no. And what's striking in the Colquette case, you'll see in our reply brief, is there was no filed proof of claim in that case by the lender that was the subject of Colquette. The Supreme Court didn't even deal with the issue because it's not an issue. The issue in Colquette and Duesnup is whether or not in Chapter 7 a debtor could avoid a lien based on 506D. And both of those courts said, for differing reasons, it would be a windfall to the debtor, which it would be in Chapter 7, which is why it's not allowed. And number two, if you have a claim that is void and thus disallowed, then that claim is an independent reason for using 506D. But you can't just walk in and say the claim's wholly unsecured. I'm going to avoid it under 506D because that's not what the statute means or says. This Court looked at these issues in the Davis case. And if you're avoiding a lien under 506A in 1322b2, it's not an end run around 506D. And certainly it wouldn't. They're wholly separate, which is what the Supreme Court said in Duesnup. Term an allowed claim secured by a lien or words to that effect. The case control is? Does Davis control this disposition here? I don't think so for only one reason. I don't think Davis spoke to the issue of 506D directly. It was dictum. It did note that Trustee Brannigan's argument, who came before this Court and said, well, it's an end run around 506D, so you can't allow it under 506A in 1322, should be honored. This Court did not buy into that. This Court did not buy into it in the Ryans v. Homecoming case either in Chapter 7 where the Fourth Circuit said you can't use 506D in a Chapter 7. No case that I found has expressly relied upon it, 506D, in a 13 lien avoidance. I cited to a case law, the Wolseley case from the Tenth Circuit, not the Ninth Circuit, Your Honor, which expressly that no cases rely on 506D because it's inapplicable. The Court of the Maryland Bankruptcy Court suggested 506D is sort of effectuating 506A. With all due respect, that's nonsense. It has no relationship one to the other. So under 506, we contend that first and foremost, this case is based on 506A in 1322B2. Secondly, we contend that the statute provides for an independent subject matter jurisdiction basis for getting our judgments under 28 U.S.C. Section 2201 and 2202. And finally, Your Honor, which really is the ultimate issue here, looking at when a claim is filed is pivotal and who files it. 3012 of the bankruptcy rules deals with valuing security for the purpose of lien avoidance. It says nothing about allowed claims. It says simply a claim. The Court can hold a hearing on appropriate notice and determine the amount of the security for lien avoidance. So all this talk about an allowed claim before one lien strips is, I think, a red herring, Your Honor. And unless the Court has any further questions for me, I'll be seated. You've saved some time. Thank you. You've got some rebuttal time. Ms. Herr? And I referred to your client as Spencer and that was a misnomer, too. You represent Grigsby. Ms. Grigsby, Your Honor. Good morning, Your Honors, and may it please the Court, Rebecca C. Spencer Grigsby. And I'm here this morning to ask Your Honors to affirm the decision of the District Court by holding that a proof of claim must be filed on behalf of a creditor before the Court can determine the secured status of that claim under Section 506A and ultimately avoid the underlying lien under Section 506D. Now I'd like to get into the mechanics of actually avoiding the lien in this case. As the Davis case previously decided, a valueless lien can be avoided between the interplay of Section 1322B2 and 506. Now, appellants have agreed that 506A is pivotal to this discussion. And getting into the actual mechanics, the first step is getting through that Section 506A. And I think it's very important here to discuss the actual language because Section 506A states that an allowed claim of a creditor secured by a lien on property is secured to the extent that there's value to attach to that property and unsecured to the extent that there is no value. So let's focus on those specific words then. Section 506A specifically tells the bankruptcy court that you need an allowed claim. Your point is if nobody filed, it can't be an allowed claim. Exactly, Your Honor. How do you bring, isn't the point of bankruptcy to clear up all the issues of indebtedness basically? Isn't that what it's all about? And so you just then, did you understand my analogy to something like a quiet title action? You just say, you're claiming, in this case Tri-County, you're claiming we owe you something. We want to resolve that in bankruptcy. How could that be done if they go, nope, we understand you want to clear up everything, but we want our lien to stay exactly where it is. We want nothing to do with bankruptcy. Any way around that? Your Honor, there is a way around that. Okay, good. What is that way? The way around that is for the debtor to file that proof of claim on behalf of the creditor. What I suggested. Exactly, Your Honor. But I thought I heard that there was some time and it couldn't be done or something like that. So the appellants have argued that there is basically an exception that swallows the rule. The rule in this case that we're talking about is the time for filing claims. Under Rule 3002, a creditor is allowed to file a proof of claim within 90 days of the Section 341 meeting of creditors. And in this case, the appellants are arguing that there is an exception to that general rule of filing time, or for time for filing. Let's forget all that. What can be done in your opinion? What can be done? When can the creditor or somebody, you know, the debtor or someone else, trustee, when can somebody file a proof of claim for a putative creditor? When can you do that? The creditor can file their claim within 90 days of that meeting of creditors. If they don't file their claim within that, what we call a bar date for filing claims, the trustee or the debtor can file the claim on their behalf within the next 30 days. So in other words, if they don't act in 90 days, it's your position that either the debtor or the trustee could file in the next 30 days and bring it into 506? Yes, Your Honor. So if I understand your theory of this case, there were two creditors, one who filed a proof of claim and complied with the statutes, one who didn't, and somehow the one who didn't is better off than the one who did. That doesn't make sense to me. I'm with him. Well, Your Honor, there's a basic underlying principle that's gone, it's pre-code. The lien stays through, can what they say, ride through the bankruptcy case. And that's the creditor's rights based on underlying state law. So within the bankruptcy code, there's a balancing, right, of the debtor's rights versus the creditor's rights. The creditor has certain rights under their state law contracts. The debtors have certain rights that the bankruptcy court enables them to take advantage of. Here, the debtors have the ability to drag in that creditor if they'd like to. They can file that proof of claim on behalf of Tri-County. Is that ever done? It is done, Your Honor. Okay, finish answering this question. And so I think that helps balance the interests of the creditor versus the debtor. Now there may be instances where the debtor doesn't want to file a proof of claim on behalf of that creditor. And the debtor can certainly make those choices. And I think that those are the different options here. So you say that somebody, it doesn't look like it makes sense, but you say that the option or the final result on how the creditor is going to be treated doesn't completely lie in the creditor's hands. Exactly, Your Honor. And so the debtor can, if the debtor desires, can, that's why I keep saying like a quiet title action. You get everybody in the same room and you might be my daughter and I want you to have an interest or I don't want you to have an interest, but I just go, we're all heirs, we're trying to figure it out. Everybody's joined, we can bring everybody in. So once we come out of this, there's title, there's title. I sort of see, I'm trying to analogize to bankruptcy estate and go, get everybody in on this. But the Supreme Court is sort of, that case Doosnap or whatever it is, which sort of talks about the lien on real property passing through. That's really the genesis of this issue, isn't it? Exactly, Your Honor. And I do think that you're right that in a perfect world, in this case, Tri-County would have filed a proof of claim so that appellants could go through the 506 process. No, no. I can see why they wouldn't want to file it. I can see perfectly why they wouldn't want to file it, because they're going to come out with nothing, right? Exactly. And otherwise, they still have a lien on the property. It makes perfect sense why they wouldn't want to. It just doesn't make sense to me why the debtor would want or allow them to. And I'm glad you clarified that, because I meant in a perfect world for the debtor. Okay, okay. In this case, Tri-County would have filed a claim. Well, I caught that, didn't I? Because I'm just trying to conceptualize what's going on here. Yes, yeah. You may have answered this, or maybe your colleague on the other side did, but are there any time limits with respect to a debtor doing what you suggest here, that is bringing in a recalcitrant creditor? So under the rules 3004, the 30-day deadline is after the creditor has had an opportunity to file a claim. So it would be essentially 120 days from the first meeting of creditors. The creditor, you said, gets 90 days, and if the creditor doesn't take any action to Exactly, Your Honor. Exactly. And if the debtor or trustee blows through that deadline, then they're stuck with the result of having a creditor outside of the plan? Well, I guess I'd like to go back to Section 502, because technically there is a deadline for filing claims. But under Section 502, a claim, proof of which is filed with the court under a proof of claim, as Mr. Burns explained earlier, is allowed unless a party in interest objects. So technically, coming back from this case, somebody could file a proof of claim under Section 502 if no one objects. But a party in interest, would that be the creditor? A creditor could object. Why the heck wouldn't they object? Could they object during that 30-day period? They could, but for different reasons. So there are a number of reasons that a party could object to a claim. Let me ask the question this way. During that 30-day period, had they not filed, had a creditor not filed, broader question. Can the debtor or trustee take an action on one side by them that will get the value and the standing, or whatever the word is, for that creditor resolved in the bankruptcy plan or estate? Within that 30 days? If you filed within that 30 days, yes. Does that mean then definitively that creditor's rights will be determined as to this estate or this plan? It will be determined in the bankruptcy proceeding. And the creditor can't stop you from doing that. Exactly. Tri-County could not come in and object to the debtor or the trustee filing a proof of claim on their behalf. They could object to the underlying documents attached or to the amount of the claim. That goes to the substance of the claim. Exactly. So in other words, it would then devolve into what's normally done in the first 90 days. Exactly. It's just who initiates it would be different. And you say even after that time is run, that 90, then 30, then even beyond that, it could still be done as long as a party in interest doesn't object to the filing? That's exactly correct. But wouldn't they object to the filing then likely? They may object. Other creditors may object. But my point is they object, they aren't in the, they object to the proof or they object to the filing? They would object to the filing and saying it's untimely. And so, and likely they might be right on that? They would be. Okay. So in other words, you get 120 days to resolve it. Exactly. Exactly. And so you see this as just, is it clear in the record, why wasn't something filed? It's not clear. It's our position that the debtor should have taken the steps to file that we call it a protective proof of claim on behalf of the creditor. And it wasn't done. You represent? The trustee. Why couldn't the trustee have done it? I think that that gets into some sticky points there, Your Honor. First of all, the trustee's duties are outlined in section, I'm sorry, yeah, section 1302. Just make it more general. You think it's beyond the power of the trustee? I believe that there get to be in some broader concerns about whether or not debtors necessarily want the trustees to be filing these claims. If we know that this is then going to be an unsecured claim eventually, what stops us then from having to file all the unsecured claims in a case? There's certain rules that require documentation to be attached to claims that the trustee just doesn't have access to. I can sort of see that. So you're saying that if the debtor wants this claim gone, the debtor has rights to do it and the debtor should have done it. Exactly. I think it's helpful to look at who gets the most benefit from filing the claim. It's certainly not the trustee. It's certainly not the other unsecured creditors. I believe as you pointed out earlier, if we include this... That is true, Your Honor. But that's about the only benefit at this point. In time. In time. Why would, if you know, why would the lender, they want to just keep their lien just in case property values shift or something? That could be a reason. Right. So in other words, if values drop, like we had a land recession like we've had, but if the property goes back up in value by staying there, they might net something. I guess maybe it might even leverage them. Somehow, if the property is to be sold, they can at least say, we think we have a claim. The other side would say, no, you don't. We'll give us X amount. So there's some value for the creditor to stay out of bankruptcy. Exactly, Your Honor. In this case. So you think that creditors make those kinds of strategic decisions in these cases or is it just simply, isn't it equally likely that they think this claim is worthless? It's not worth my time. I'm not going to deal with it. It could be either. I would just merely have to speculate as to why Tri-County chose to or failed to file a claim in this case. But there are reasons for both, I believe. I guess maybe both apply in the same circumstance. We're not going to spend any money to eliminate the chance that we might make some money in the future. Exactly. Seems like a pretty wise decision. It does cost money to file a proof of claim in the bankruptcy cases. So it could be a consideration that there is. But I would suspect even that, even if the debtor filed it for the creditor, I suspect most banks don't want a court talking about their debt and their mortgage without being hiring a lawyer to be in that courtroom to hear what's going on. So what do we do here, do you think? We just say, you say just affirm because the debtor didn't take the right steps to protect the debtor's interest? I believe, unfortunately, that's the answer here. Why is that unfortunate? Well, I guess, again, unfortunately for the appellant, that is the answer here. Under the code, under Section 506A, you do need that allowed claim. And you need that to be able to even do the analysis. But because as a trustee in this case, you might think it's unfortunate because the debtor is not getting all the relief the debtor could get. So the debtor leaves bankruptcy with some contingency on them that might otherwise have been eliminated. I think so. And I think you're right. Why would you have an obligation to take a step then to do something if you're the trustee and it's the benefit of the debtor? And that's why we're arguing that it would be more of the debtor's burden to file that proof of claim. But you're the trustee. You have to act in the best interest of somebody as a trustee. Well, the trustee is actually of the bankruptcy estate. So we're working on behalf of the unsecured creditors. So you're concerned that if you tried to do it, it may be some question if he had the authority to do it because it's not enumerated. And you're concerned that then might suggest in all future cases, you should do it. And then somebody is going to make an argument that you should, to protect the debtor, file every possibility out there. And you just are a little bit leery to take that step to put yourself in the middle of all that when you see that the debtor could have protected the debtor himself. That's exactly right. And I believe that there's the added step of then arguing that the trustee may be working to the detriment of unsecured creditors by adding in an additional, I think in this case, $130,000 of other unsecured claims. Sir, you mentioned 506A and its requirement that the claim be allowed. But Section 1322b2 doesn't talk about allowed claims. It just talks about secured and unsecured claims. So how do we reconcile those two provisions? Well, Section 1322 allows the bankruptcy court to ultimately divide, or excuse me, to modify the rights of the unsecured creditors. The only way that Tri-County's claim becomes an unsecured claim in this case is to go through Section 506A. And so that's why we need Section 506A in this analysis, and why we need that allowed claim that's required in the very first sentence of Section 506A. You think it has to have been a allowed claim before it can be adjudged as to whether and what part of it is unsecured? That's exactly right. That's exactly right. And we can't get through to the avoidance action or to the modifying of the rights under Section 1322 until that analysis is done. So in Brannigan, the Davis case, was that wrongly decided? Of course not, Your Honor. I didn't think so, but tell me why. Well, the Davis case spoke more to whether or not an avoidance action could be done in a Chapter 13 and then could be done in the context of a Chapter 20. I don't believe that they actually got into the mechanics of the first step going through Section 506A and then the second step of going through Section 506D. But the Court there did discuss the interplay between Section 1322 and 506A specifically, and that's how we know that this applies here. And then if Your Honors don't have any other questions, I'd like to conclude at this point by asking that you affirm the District Court's decision. Thank you. Thank you, Ms. Hurd. Mr. Burns? Thank you, Your Honor. Your Honors, the way the debtors view this case is it's a door that's barred to them on a lien avoidance unless the creditor files a proof of claim, which is not what's been evinced over many decades of this avoidance case law, at least 15, 20 years now, and it's certainly not what Duke process requires. If the Court decides that in order for the debtor to bring a lien avoidance, there has to be a claim for the creditor, and the claim availability to file under 3004 has not yet arisen because 3002c3 says after 30 days following the judgment avoiding the lien, that's when the creditor's right expires and the debtor's begins, what we've done is effectively cut the door for debtors to perform lien avoidances, period, unless the creditor files a prior proof of claim. If the Court rules and disagrees and says, well, 3002c3 is really surplusage, it doesn't mean anything, we're just going to disregard it and look at 3002c1, which says it's the original 90-day rule, and the debtor's role starts at the conclusion of that for 30 days under 3004, certainly debtors can file proofs of claim. I might note in this case, even, Your Honors, we have it, JA163-172, the plan that was confirmed, which says if we lose, we have the ability to come in, we can file a claim, and certainly either perform the lien avoidance or not. Very simply, why is what she said incorrect? The 90 days plus then the debtor has an additional 30 days, why is that not correct? Because there's a provision two subsections down in 3002c3 that says if you avoid a lien, the creditor gets an additional 30 days from the date of that judgment avoiding the lien. It says a judgment which avoids an interest in that. So you say you can't avoid the lien unless somebody files for the lien. That's what their argument is. Our argument has always been, as in many cases, including Davis, that lien avoidances are brought, a claim is broadly defined at 1015, and this talk of an allowed claim under 506a does not comport with 1322b2, doesn't comport with rule 3012. I know that, but I'm not asking that question, I'm saying what do you think in the text of the statute makes her position incorrect, just on the timing? On the timing, Your Honor, it's 3002c3. That nails it. Because if that does not mean what it says. No, don't tell me what it means, what it says, what's the language that you think blocks her approach? The language which blocks her approach, and I can read directly from this, is that if a judgment is entered avoiding the interest of an entity in property, the person or the creditor has 30 days from that judgment to file a proof of claim. And then combined with that. But you say that that prerequisite hasn't been done because nothing was filed over this debt. Right, nothing's been filed on this debt. By Tri-County. Right. And it's almost like, Your Honor, like- No, no, no, don't start making analogies. I'm just asking you, your view on this. Your view is, since nothing to that prerequisite that you just stated, since that hasn't happened and could not have happened because Tri-County didn't come in to inject itself in, in any way into this case. Nothing could have happened to his interest so that 30 days doesn't run. And my doors barred on moving this lien avoidance action until and unless Tri-County files the claim and the claim can't be filed until 30 days after the judgment becomes a chicken and egg issue. And furthermore, Your Honor, under 3004, you can extend that time for cause for under 9006. So if a debtor or trustee misses it, you certainly can file a late proof of claim. But it has to begin. I can't just walk in and file a proof of claim for a debtor on behalf of a creditor while the creditor has the exclusive period to file. And moreover, I have raised this in my briefing and I just don't know that it's right to ask a debtor's lawyer to advance a payment for a conflicting party who has an adverse interest. If the claim isn't filed, the creditor doesn't get any money. That benefits the debtor. It certainly benefits the trustee if the claim is filed because then they have more money to distribute and the unsecured claims are, are replete. But what this entire- But it also benefits the debtor to get that claim removed, doesn't it? Or dealt with? Well, but that's important. The removal of the claim is through an adversary proceeding per this court's ruling in SennPenn versus- That could be done through a proof of claim. I'm simply saying we can avoid the claim, the lien, through an adversary proceeding in our theory without a proof of claim. I'm saying, but you could also do it through a proof of claim, don't you? So there is a benefit to the debtor to get that claim dealt with and removed either through your theory or through a proof of claim filing, correct? Either way, it does, it benefits the debtor. Well, a proof of claim- Yes, does it benefit the debtor? In this case, would it benefit the debtor had, had Tri-County filed in the proof of claim? No. And here's why. It doesn't matter. We can avoid the lien through an adversary and that avoids- I know, I know there's, leave aside for a second that maybe you can't do it the way you're trying to do it. Yes, sir. It certainly, it certainly would have behooved the debtor had Tri-County filed a proof of claim. It would have moved our adversary along in a practical sense because Judge Maness never would have written his opinion and there never would have been all this litigation. It wouldn't have mattered from my perspective because then the claim would be deemed unsecured at the conclusion of the adversary to the extent the court recognized it. Wessage, if you're wrong on your adversary approach, subsequent adversary action, if we would affirm the district court, then you don't have an unsecured debt in that Tri-County lien, do you? Yes. You have a lien on property. Here's what would happen if your honors affirm, which we hope you won't, the debtor would at that point have a final ruling that they're wrong, file a proof of claim on behalf of Tri-County, advance the adversary, and the matter would be resolved. We take great issue to an opinion requiring the debtor to file proofs of claims for the creditor requiring, not may, as it says in the rule, and that's what 3004 says. You would just not like the decision from this court? Well, I always like decisions from this court, your honor, but I certainly would find it. You wouldn't like that decision. If I lose? Well, certainly. Nobody wants to lose. Nobody needs to lose. By the way, it doesn't take anything for you to tell me you're going to like it if you win. I was talking about if you were to lose. I said if we were to affirm, you wouldn't like the decision, but then you would take the action to get the results you want anyway? There's a secondary result that we can obtain through the confirmed plan. That's correct. Okay. And you could get, for all intent and purposes, to the same exact point? We could not because the debtor would have to file proof of claim then, as opposed to there not being a claim, millions of dollars in bankruptcy cases would have to be paid out to unsecured deficiency claims of secured creditors who had not taken any steps to advance their cause. Why is that so? Why is that so? Because if the creditor doesn't file a claim and the debtor files the claim, it has to be paid by the trustee. Is there a difference? Is that presuming that the estate has money in it to pay unsecured? In this case, the estate will have money to pay the claims. It will be. So, in other words, your real concern here is not only that you would have to take the but that there will be money to cover people who hence get into that status. That's right. Because it's adverse to my client's interest for... I'm asking about the adverse. I'm talking about real terms of dollars. You go, dollars are going to... you're going to have to take a step to be sure that money comes out to them, and you don't really want to do that. That's 100%, Your Honor. I thought that. So, in sum and substance, Your Honor, we believe that, number one, the Rule 3002C3 saves the day for us because it requires a later date. Number two, we don't think 506D allows for lien avoidances in and of itself. We believe that 1322B2 is the vehicle with 506A to avoid a lien and to disallow, in essence, a secured portion of a claim through an action as opposed to a mere irreconcilable flaw which creates voidness under 506D. And finally, I don't think... I don't think putting the debtor in a position where the debtor says, I'm going to have to take actions for an adverse party to advance the ball before I can bring this lien avoidance is something that should be affirmed. Thank you, Your Honor. I'll be seated. Thank you, Mr. Burns. Thank you. We'll come down and greet counsel and recess court until tomorrow morning at 930. This honorable court stands adjourned until tomorrow morning at 930. God save the United States and this honorable court.
judges: Robert B. King, Dennis W. Shedd, Albert Diaz